# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

TREVOR BRYANT BURNS,                    §
                                        §
            Petitioner,                 §
                                        §
v.                                      §   CIVIL ACTION NO. 5:25-CV-38-RWS-JBB
                                        §
WARDEN, FCI-TEXARKANA,                  §
                                        §
            Respondent.                 §

## ORDER

Petitioner Trevor Burns, proceeding *pro se*, filed the above-styled and numbered petition for the writ of habeas corpus under 28 U.S.C. § 2241 challenging the computation of his sentence. Docket No. 1. The above-captioned case was referred to United States Magistrate Judge J. Boone Baxter pursuant to 28 U.S.C. § 636.

## BACKGROUND

### I.    Petitioner's Claims

Petitioner states that he is wrongfully being denied credit for time served in state custody from September 12, 2022 to April 28, 2023. *Id.* at 7. He explains that he was in state custody awaiting final disposition of three charges when he was transferred into federal custody through a writ of habeas corpus *ad testificandum* in No. 4:8-CV-51-MHS-DDB. *Id.* at 8.

According to Petitioner, he pleaded guilty in federal court and appeared before the Honorable Richard A. Schell, United States District Judge, on February 10, 2009 for sentencing. *Id.* at Ground One – Page 1. The court imposed consecutive sentences of 37 months for bank robbery and 84 months for brandishing a firearm, but according to Petitioner, the court declared that these sentences would run concurrently with his state charges. *Id.*

However, Petitioner contends that when he entered into exclusive federal custody, the Bureau of Prisons did not count his 84-month sentence as being concurrent, but only the 37-month one. *Id.* at 2. According to Petitioner, when he filed grievances, he was told the court ordered his sentences to run consecutively to one another and that Count One would run concurrently with his state sentences; however, Petitioner says that the Bureau is referring to the written judgment rather than the verbal sentence imposed, which he claims directed that his entire sentence run concurrently with the state sentences. *Id.* at 2–3. Petitioner argues the oral pronouncement of sentence controls over the written judgment, and so he maintains that his entire sentence should be concurrent. *Id.* Petitioner argues that the Bureau simply ignored the oral pronouncement of sentence. *Id.* at 3.

Respondent filed a motion for summary judgment, together with an affidavit from Juannetta Hayes, a correctional program specialist, stating that Petitioner's time was correctly computed. Docket No. 6. Petitioner filed a reply, arguing that the oral pronouncement of sentence directed that his entire combined 121-month sentence run concurrently with the state charges. Docket No. 7. While the written judgment directed that only the 37-month sentence run concurrently, Petitioner avers that the oral pronouncement of sentence controls and that the sentencing transcript shows that both sentences were made concurrent. *Id.*

Petitioner further asserts that this Court lacks jurisdiction to overturn the sentence because the validity of the sentence cannot be reviewed in a § 2241 proceeding and that the Government has waived the right to challenge the concurrent sentencing because the alleged error in imposing concurrent sentences was not raised at sentencing or on appeal. Docket No. 7 at 5. Finally, Petitioner states that he is asking for credit from March 22, 2016 to the date of his response. *Id.* at 6.

Respondent's reply argues that Petitioner mis-read the sentencing transcript and that Judge Schell clearly intended for only the bank robbery conviction to run concurrently, and Petitioner's sur-reply maintains that it is Respondent who is misreading the transcript. Docket Nos. 10, 12.

## II.    The Magistrate Judge's Report and Recommendation

After reviewing the pleadings, the Magistrate Judge issued a Report and Recommendation, recommending that the petition for habeas corpus relief be denied. Docket No. 14. The Magistrate Judge first observed that Petitioner filed a substantially similar claim in No. 4:19-CV-538-RAS-KPJ, a § 2255 motion to vacate or correct sentence. *Id.* at 4. In that proceeding, Petitioner argued that the Bureau miscalculated his sentence because his entire federal sentence was supposed to run concurrently. *Id.* The Court determined that Petitioner's claim was barred by the statute of limitations and dismissed the case with prejudice. *Id.*

The Magistrate Judge said that where a § 2255 motion has been heard and denied, the movant cannot relitigate the same issue as a § 2241 petition. *Id.* (citing *Warren v. Miles*, 230 F. App'x 688, 694 (5th Cir. 2000) (citing *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987)); *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980); Lane v. Hanberry, 601 F.2d 805, 806 (5th Cir. 1979)). The Magistrate Judge concluded that Petitioner's habeas petition failed for this reason.

In addition, the Magistrate Judge explained that Petitioner's petition failed on the merits. *Id.* The Magistrate Judge set out the relevant portion of the sentencing transcript in question and said that it showed at most an ambiguity—rather than a conflict—in the court's phrasing at sentencing. *Id.* at 4–5. If there is a conflict, the oral pronouncement controls, but if there is only an ambiguity, the court reviews the entire record to determine the intent of the sentencing judge. *Id.* at 5 (citing *United States v. Venegas*, 670 F. App'x 264, 266 (5th Cir. 2016) (citing *Scott v. United*

*States*, 434 F.2d 11, 20 (5th Cir. 1970)). In this case, the Magistrate Judge stated that a review of the entire record showed that only Count I was intended to be concurrent. *Id.* at 5–6.

The Magistrate Judge explained that this conclusion is underscored by the fact that by statute, the 84-month sentence imposed for brandishing a firearm must run consecutively to any other sentence, state or federal. *Id.* at 6; 18 U.S.C. § 924(c)(1)(D)(ii); *see also United States v. Gonzales*, 520 U.S. 1, 5 (1997); *United States v. Thomas*, 77 F.3d 989, 990–992 (7th Cir. 1996). The Magistrate Judge stated that nothing in the record supported the conclusion that Judge Schell intended to impose a sentence which was prohibited by law; rather, the logical reading of the transcript, consistent with the statute, shows that Petitioner's 37-month sentence for bank robbery was made concurrent with his state sentences, while his 84-month sentence for brandishing a firearm runs consecutively, as required by law. Docket No. 14 at 6. As a result, the Magistrate Judge determined that Petitioner's claims for habeas corpus relief are without merit. *Id.* at 6–7.

## ANALYSIS

Petitioner filed objections to the Report and Recommendation. Docket No. 16. The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Petitioner's objections are without merit.

Petitioner first argues that his earlier § 2255 petition was premised on the plea agreement. Docket No. 16 at 3. He also argues that the previous petition, which was dismissed as barred by limitations, was not "heard on the merits," meaning that res judicata does not apply. *Id.* Petitioner's

amended § 2255 petition argued that per an agreement with the U.S. Attorney, the sentencing order directs the Bureau of Prisons to calculate his sentences concurrently with his state sentences. No. 4:19-CV-538-RAS-KPJ, Docket No. 5 at 4. The relief sought was "comply with original sentencing order directed by Honorable Richard A. Schell and federal sentence shall run concurrent to state sentence. Such order would cause detainer to be lifted and sentence deemed completed." *Id.* at 13. The Magistrate Judge correctly determined that the claim raised in Petitioner's § 2255 was essentially identical to his present claim.

Although Petitioner argues that a decision based on limitations is not a decision on the merits, this is not correct. Courts have consistently held that a dismissal based upon limitations is considered an adjudication on the merits for purposes of determining whether a later petition is successive. *See, e.g.*, *Villanueva v. United States*, 346 F.3d 55, 61 (2nd Cir. 2003); *Guyton v. United States*, 23 F. App'x 539, 540 (7th Cir. 2001); *Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir. 1972), *cert. denied*, 409 U.S. 871 (1972). The Magistrate Judge correctly concluded that Petitioner cannot relitigate his claim in the present case.

Turning to the merits, Petitioner argues the sentencing court's pronouncement was "clear and unambiguous." Docket No. 16 at 4. He points to Judge Schell's statement that "is there any reason why I shouldn't run my term concurrently with any time he may be sentenced on that state case?" *Id.* at 5. When the probation officer said no, Judge Schell stated "okay, I'll do that." No. 4:8-CR-51-RAS-DDB-1, Docket No. 33 at 24:19–24.

Immediately before that, however, Judge Schell asked counsel "[h]e has a pending charge for bank robbery?" in reference to the pending state charges. *Id.* at 24:3–9. Counsel said yes, and that it was listed as "aggravated robbery." *Id.* The probation officer agreed that this was the same offense, and Judge Schell then said "is there any reason why I shouldn't run my term concurrently

with any time he may be sentenced on that state case?" *Id.* at 24:13–24. The logical reading of this discussion is that Judge Schell asked about Petitioner's pending charge for aggravated robbery and clarified that this charge was the same as the one pending in state court. When told that it was, Judge Schell asked about running "my term"—in other words, the sentence for the robbery which they had just been talking about—concurrently with the state sentence for that same charge. *Id.* at 24:19–21. The Magistrate Judge correctly determined that the court's statement was, at most, ambiguous. And, as the Magistrate Judge noted, the entire record, including the written judgment, makes clear that only the sentence for bank robbery was intended to run concurrently. Docket No. 14 at 6.

Furthermore, as the Magistrate Judge explained, any other outcome would require the assumption that Judge Schell intended to impose a statutorily prohibited concurrent sentence on the firearms charge. Nothing in the sentencing transcript, or the record as a whole, supports the assumption that Judge Schell intended to defy the law. The Magistrate Judge correctly determined that the sentencing statement was at most ambiguous and reviewed the record to determine that the court's intent was for the bank robbery sentence to run concurrently to the state sentence for the same charge and for the firearms sentence to run consecutively as required by law.

## CONCLUSION

For the above reasons, it is

**ORDERED** that the Report of the Magistrate Judge (Docket No. 11) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled petition for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. The dismissal of this petition shall not prevent Petitioner from seeking such relief as he may be entitled from the sentencing court.

**So ORDERED and SIGNED this 18th day of March, 2026.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE